| | | |
|---|---|---|
| JS-6 | **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA**<br><br>**CIVIL MINUTES - GENERAL** | Priority ___<br>Send ___<br>Enter ___<br>Closed ___<br>JS-5/JS-6 ___<br>Scan Only ___ |

cc: order, docket, remand letter
to Los Angeles Superior Court

**CASE NO.:** <u>CV 12-09513 SJO (JEMx)</u>   **DATE:** <u>November 28, 2012</u>

**TITLE:** <u>Federal National Mortgage Association v. Marianna Bokovaya, et al.</u>

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                            Not Present
Courtroom Clerk                                             Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**          **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                                 Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT** [Docket No. 1]

This matter is before the Court on Defendants Marianna Bokovaya and Veronica Bokovaya's ("Defendants") Notice of Removal ("Notice"), filed November 6, 2012. For the following reasons, the Court **REMANDS** this action to the Superior Court of California for the County of Los Angeles ("State Court").

I.    <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

Defendants possessed real property located at 9124 Telfair Avenue, Unit 9, Sun Valley, CA 913562 ("Property") (Notice 49.) Plaintiff successfully sued Defendants in state court, and obtained a judgment in that case on September 25, 2012, and obtained a Writ of Possession on October 2, 2012. (Notice 49.) On November 6, Defendants removed this action to federal court, asserting removal jurisdiction pursuant to 28 U.S.C. § 1331. (Notice 3-4.)

II.    <u>DISCUSSION</u>

"[A] court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). A district court must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The Court finds it appropriate to determine, *sua sponte*, whether it has subject matter jurisdiction over this action.

28 U.S.C. § 1441 provides that a defendant may remove an action to federal court only where the federal court would have had jurisdiction if the action had been brought there originally. 28 U.S.C. § 1441(a). It is well established, however, that courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* "The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

CASE NO.: CV 12-09513 SJO (JEMx)　　　DATE: November 28, 2012

strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (internal quotation marks omitted).

Under 28 U.S.C. § 1331, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983). Pursuant to the well-pleaded complaint rule, a case may not be removed to federal court on the basis of a federal defense to a state-law claim. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). The well-pleaded complaint rule makes a plaintiff the "master of his complaint" such that a plaintiff may avoid federal jurisdiction by pleading only state-law claims. *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000).

The Court has no subject matter jurisdiction over this case, for several reasons. First, Defendants do not provide a copy of Plaintiff's Complaint ("Complaint"), and so they have failed to demonstrate that a federal issue was raised in Plaintiff's well pleaded complaint. (*See generally* Notice.) Second, Defendants' own description of the Complaint indicates that Plaintiff brought this case to enforce purchase of the Property during a foreclosure sale; Defendants never allege that Plaintiff raised any issues of federal law in its Complaint. Instead, Defendants improperly seek to assert federal question jurisdiction based on a listing of laws to which Defendants might have cited in their defense. (Notice 3-4.) And third, **the State Court has already issued judgment in this case.** Federal courts only have jurisdiction over cases or controversies, and Defendants cannot be allowed to obtain a second hearing through manipulation of federal jurisdictional rules.

III.　　RULING

For the foregoing reasons, the Court **REMANDS** this action to the Superior Court of California for the County of Los Angeles. This action shall close.

IT IS SO ORDERED.