| | UNITED STATES DISTRICT COURT | Priority ___ |
|---|---|---|
| JS-6 | CENTRAL DISTRICT OF CALIFORNIA | Send ___<br>Enter ___<br>Closed ___ |
| | CIVIL MINUTES - GENERAL | JS-5/JS-6 ___<br>Scan Only ___ |

cc: order, docket, remand letter
to Los Angeles Superior Court

**CASE NO.:** CV 12-09513 SJO (JEMx)    **DATE:** November 28, 2012

**TITLE:** Federal National Mortgage Association v. Marianna Bokovaya, et al.

========================================================================

**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                             Not Present
Courtroom Clerk                              Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**           **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                  Not Present

========================================================================

**PROCEEDINGS (in chambers): ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT** [Docket No. 1]

This matter is before the Court on Defendants Marianna Bokovaya and Veronica Bokovaya's ("Defendants") Notice of Removal ("Notice"), filed November 6, 2012. For the following reasons, the Court **REMANDS** this action to the Superior Court of California for the County of Los Angeles ("State Court").

I.   FACTUAL AND PROCEDURAL BACKGROUND

Defendants possessed real property located at 9124 Telfair Avenue, Unit 9, Sun Valley, CA 913562 ("Property") (Notice 49.) Plaintiff successfully sued Defendants in state court, and obtained a judgment in that case on September 25, 2012, and obtained a Writ of Possession on October 2, 2012. (Notice 49.) On November 6, Defendants removed this action to federal court, asserting removal jurisdiction pursuant to 28 U.S.C. § 1331. (Notice 3-4.)

II.  DISCUSSION

"[A] court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). A district court must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The Court finds it appropriate to determine, *sua sponte*, whether it has subject matter jurisdiction over this action.

28 U.S.C. § 1441 provides that a defendant may remove an action to federal court only where the federal court would have had jurisdiction if the action had been brought there originally. 28 U.S.C. § 1441(a). It is well established, however, that courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* "The

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JS-6

**CIVIL MINUTES - GENERAL**

CASE NO.: <u>CV 12-09513 SJO (JEMx)</u>          DATE: <u>November 28, 2012</u>

strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (internal quotation marks omitted).

Under 28 U.S.C. § 1331, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a plaintiff's "well-pleaded complaint establishes either that federal law creates the cause of action" or that the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983). Pursuant to the well-pleaded complaint rule, a case may not be removed to federal court on the basis of a federal defense to a state-law claim. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). The well-pleaded complaint rule makes a plaintiff the "master of his complaint" such that a plaintiff may avoid federal jurisdiction by pleading only state-law claims. *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000).

The Court has no subject matter jurisdiction over this case, for several reasons. First, Defendants do not provide a copy of Plaintiff's Complaint ("Complaint"), and so they have failed to demonstrate that a federal issue was raised in Plaintiff's well pleaded complaint. (*See generally* Notice.) Second, Defendants' own description of the Complaint indicates that Plaintiff brought this case to enforce purchase of the Property during a foreclosure sale; Defendants never allege that Plaintiff raised any issues of federal law in its Complaint. Instead, Defendants improperly seek to assert federal question jurisdiction based on a listing of laws to which Defendants might have cited in their defense. (Notice 3-4.) And third, **the State Court has already issued judgment in this case.** Federal courts only have jurisdiction over cases or controversies, and Defendants cannot be allowed to obtain a second hearing through manipulation of federal jurisdictional rules.

III.    <u>RULING</u>

For the foregoing reasons, the Court **REMANDS** this action to the Superior Court of California for the County of Los Angeles. This action shall close.

IT IS SO ORDERED.